**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **BENJAMIN HAWKINS,** | ) | |
| **of Portland, Maine** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BRUCE CORT,** | ) | |
| **of Auburn, Maine** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Docket No. 08-CV-139** |
| | ) | |
| **ROBERT KIELY,** | ) | |
| **of New Maryland, New Brunswick,** | ) | |
| **Canada** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ENVIREM TECHNOLOGIES, INC.,** | ) | |
| **a Canadian corporation with its** | ) | |
| **principal place of business in** | ) | |
| **Fredericton, New Brunswick, Canada** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

NOW COME Defendants Robert Kiely ("Kiely") and Envirem Technologies, Inc. ("Envirem") pursuant to Fed. R. Civ. P. 12(e) and move for a more definite statement so that they may reasonably prepare a response to Plaintiff's First Amended Complaint.  In support of their motion, Defendants offer the following memorandum.

**I.    Introduction**

On or around April 1, 2008, Plaintiffs filed their First Amended Complaint against Defendants alleging slander *per se* on the basis of multiple statements supposedly made by

Plaintiffs. While Plaintiffs hint at one of the alleged defamatory statements in paragraph three of their First Amended Complaint, as will be elaborated on below, they do not give Defendants sufficient detail regarding this statement or the other alleged defamatory statements to allow Defendants to prepare adequate responses to the same.  As such, Plaintiffs should be required to provide Defendants and the Court with a more definite statement.

## II.      Standard of Review

This Court has held that the pleading in a defamation case must be "sufficiently detailed to the extent necessary to enable the defendant to respond." *Bishop v. Costa*, 495 F.Supp.2d 139, 141 (D. Me. 2007).   At a minimum, a complaint alleging defamation must give the defendant sufficient notice of the statements complained of to enable the defendant to mount his defense. *Id.* (citations omitted). Where a complaint is insufficiently detailed such that preparing a response becomes unreasonable, the defendant may move for a more definite statement by pointing out defects in the plaintiff's complaint and asking for specific details missing from the original pleading.  F.R. Civ. P. 12(e).

## III.     Statement of Defects Complained of and Details Desired.

In the present action, Plaintiffs have insufficiently pled their defamation claim against Defendants by making vague and ambiguous statements to which Defendants are unable to respond.   Although Plaintiffs' defamation claims are subject to the more relaxed pleading requirements of Rule 8, rather than the heightened pleading requirements of Rule 9, the claims must still provide Defendants with enough information regarding the alleged defamation claims so that Defendants may respond to the same. *See Bishop,* 495 F.Supp.2d at 141. More specifically, Plaintiffs' First Amended Complaint is defective in the following ways: (a) it fails to offer Defendants sufficient notice of each of the defamatory statements for which it seeks to

hold Defendants liable; (b) it pleads the timing of the defamation statements in a vague and unfair manner; and (c) it contains ambiguous statements regarding publication and republication "online."

        a.  **Statements at Issue.**

Defendants need to know exactly what statements are at issue so that they may respond to the same in their Answer to Plaintiffs' First Amended Complaint. Plaintiffs' pleading repeatedly indicates that there is more than one defamatory statement at issue.  *See* First Amended Complaint, ¶¶ 3, 4, 5, 6, 7, and 8 (using the term "statements").  In addition, Plaintiffs' use of the phrase "[w]ithout limitation" in paragraph three of the First Amended Complaint indicates that Plaintiffs' claim is not limited to the statement described in that paragraph. Without further information as to the substance of the other statements complained of, it is impossible for Defendants to respond to the same.  As such, Defendants request that Plaintiffs provide a more definite statement regarding each defamatory statement at issue.

        b.  **Timeframe for Each of the Alleged Defamatory Statements.**

Defendants are entitled to more specific information regarding the timing of the defamatory statements.  Plaintiffs' allegation is that the defamatory statements were made "[i]n and after January 2006."  *See* First Amended Complaint, ¶ 3.  This vague phrase is problematic for two reasons.  First, the time frame stated by Plaintiffs is so broad (two years plus) that it prevents Defendants and the Court from gleaning whether the entire action should be summarily dismissed on its face based on the applicable statute of limitations.  *See* 14 M.R.S.A. § 753 (actions for slander and libel shall be commenced within two years after the cause of action accrues).  In other words, if this entire action is based on a statement made two years before the present action was commenced, Defendants need to have this information to mount their defense.

Second, the open-ended time frame (spanning from January of 2006 through a date uncertain) does not allow Defendants to adequately respond to Plaintiffs' claim, as the nature of the allegation leaves the door open for Plaintiffs to expand the scope of their defamation claim as they go.

       c.  **Publication and Republication "Online."**

Defendants have also failed to offer adequate information regarding the nature of the publication and republication of Plaintiffs' alleged statements. For example, if the alleged statements were published in certain venues, they may be barred by a privilege. Without this information, Defendants cannot fully respond to Plaintiffs' allegations. Similarly, the use of the term "online" creates confusion. Defendants are entitled to understand what is meant by this phrase so that they may mount their defense to the allegation. If "online" is meant to refer to a judicial ECF filing system, Plaintiffs should be required to state the same.

WHEREFORE, Defendants Kiely and Envirem hereby pray that the Court order Plaintiffs to further amend their Complaint to address the defects discussed above and to provide the detailed information requested by Defendants.

Dated at Portland, Maine this 2nd day of May, 2008.

/s/ U. Charles Remmel, II
U. Charles Remmel, II

/s/  Lauri Boxer-Macomber
Lauri Boxer-Macomber

KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Post Office Box 597
Portland, Maine 04112-0597
(207)-775-1020

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| **BENJAMIN HAWKINS,** | ) | |
| of Portland, Maine | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BRUCE CORT,** | ) | |
| of Auburn, Maine | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Docket No.  08-CV-139** |
| | ) | |
| **ROBERT KIELY,** | ) | |
| of New Maryland, New Brunswick, | ) | |
| Canada | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ENVIREM TECHNOLOGIES, INC.,** | ) | |
| a Canadian corporation with its | ) | |
| principal place of business in | ) | |
| Fredericton, New Brunswick, Canada | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008, I electronically filed the Motion for a More Definite Statement to be served by regular mail upon:

Jennifer A. Rush, Esq.
Norman, Hanson & DeTroy, LLC
415 Congress Street
PO Box 4600
Portland, Maine 04112-4600

Christopher C. Taintor, Esq.
Norman, Hanson & DeTroy, LLC
415 Congress Street
PO Box 4600
Portland, Maine 04112-4600

Date: May 2, 2008

/s/ Lauri Boxer-Macomber, Esq.
Lauri Boxer-Macomber
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street, P.O. Box 597
Portland, Maine 04112-0597
(207) 775-1020