# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| **BENJAMIN HAWKINS,** of Portland, Maine | ) ) ) | |
| and | ) ) | |
| **BRUCE CORT,** of Auburn, Maine | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Docket No. 08-CV-139 |
| **ROBERT KIELY,** of New Maryland, New Brunswick, Canada | ) ) ) ) ) | |
| and | ) ) | |
| **ENVIREM TECHNOLOGIES, INC.,** a Canadian corporation with its principal place of business in Fredericton, New Brunswick, Canada | ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

NOW COME Defendants Robert Kiely ("Kiely") and Envirem Technologies, Inc. ("Envirem") and offer this reply memorandum in support of their Motion for a More Definite Statement.

    **I.    The Authority Cited By Plaintiffs Offers Support for Defendants' Motion for a More Definite Statement.**

The case law and rules cited by Plaintiffs in their opposition brief offers excellent and additional support for Defendants position that this Court should require Plaintiffs to provide them with a more definite statement as to their claims against Defendants.

### A. Plaintiffs' Defamation Claims Are Too General and Fail to Give Defendants Fair Notice of the Nature of the Claims and the Grounds Upon Which They Rest.

According to the cases cited by Plaintiffs, Rule 12(e) motions should be granted "'when a pleading is too general.'" *Haghkerdar v. Husson College*, 226 F.R.D. 12, 14 (D.Me. 2005) (quoting *Town of Hooksett Sch. Dist. v. W.R. Grace & Co.*, 617 F.Supp. 126, 135 (D.N.H.1984)). Likewise, the authority cited by Plaintiffs deems 12(e) motions appropriate where Plaintiffs fail to give Defendants fair notice of what the claim is and the grounds upon which it rests. *Mann v. Haley*, 2006 WL 118377 (E.D.Ark. 2006). Applying these standards to the present action, Defendants are entitled to a more definite statement. What could be more general than Plaintiffs' repeated assertion that Defendants made "defamatory statements"? By Plaintiffs' own admission, Defendants should have fair notice of the nature of each defamatory statement and the grounds upon which each claim for defamation rests. *See* Plaintiffs' Opp'n Memorandum (Doc. 5) (citing *id.*). While Plaintiffs have arguably provided such detail regarding one of the alleged defamatory statements, they have failed to provide any information whatsoever regarding the other alleged statements, indicating the necessity for Defendants' Rule 12(e) motion and support for granting of the same. *See Bishop v. Costa,* 495 F.Supp.2d 139, 141 (D. Me. 2007) (holding that the pleading in a defamation case must be "sufficiently detailed to the extent necessary to enable the defendant to respond).

### B. Defendants May Use a Rule 12(e) Motion as a Precursor to Rule 12(b)(6) Motion Where There is a Substantial Threshold Question That May be Dispositive.

The authority cited by Plaintiffs in their opposition also supports Defendants' position that Rule 12(e) motions are appropriate in cases where there is a substantial threshold question that may be dispositive. *See* Plaintiffs' Opp'n Memorandum (Doc. 5) 5C Wright & Miller, *Federal Practice and Procedure* §1376, at 336 (3d ed. 2004). In the present case, it appears as if the only defamatory statement that Plaintiffs are aware of is a statement made by Robert Kiely on January 20, 2006 in the context of a legal proceeding and published at a later date in the context of that same proceeding. *See* Plaintiffs' Opp'n Memorandum (Doc. 5, p.3). If Plaintiffs have no information or actual good faith basis for their belief that there have been other defamatory statements published by Defendants, this case may be easily and readily disposed of by the Court under applicable Maine law.

It is well established Maine law that the Court may consider official public documents, documents that are central to a plaintiff's claim, and documents referenced in a complaint in its analysis of a motion to dismiss. *See Moody v. State Liquor & Lottery Comm'n,* 2004 ME 20, ¶ 11, 843 A.2d 43, 47-48. The purpose of this exception to the general rule is to prevent plaintiffs with legally deficient claims from surviving dismissal. *See id.,* 2004 ME 20, ¶ 10, 843 A.2d at 47. The rule also prevents the parties and the Court from incurring costs and expenses associated with frivolous and vexatious litigation.

Here, the entire record of the Bankruptcy proceeding cited by Plaintiffs is available as official court record of which the Court may take judicial notice. *See Currier v. Cyr,* 570 A.2d 1205, 1208 (Me. 1990). Kiely's Affidavit is undeniably part of the official court record in that proceeding, of which the Court may take judicial notice. *See Moody,* 2004 ME 20, ¶¶ 10-11, 843

A.2d at 47. Moreover, the authenticity of Kiely's affidavit has not been and cannot be challenged. *See id.,* 2004 ME 20, ¶ 11, 843 A.2d at 48. As such, if the Plaintiffs cannot provide Defendants or the Court with additional basic information regarding their other alleged defamatory statements, the Court may promptly and properly dismiss Plaintiffs' slander claim pursuant to the line of cases that establish that because Plaintiffs' slander claim is based solely on a privileged witness statement made in the course of a legal proceeding, Plaintiffs have failed to state a claim upon which relief may be granted. *See Simon v. Navon, 951 F. Supp. 279, 282 (D. Me. 1997)* (holding that pleadings and witness statements are privileged); *Rohrbach v. Charbonneau,* 2000 WL 760739, *2 (D. Me. 2000) (citing *Barnes v. McCrate*, 32 Me. 442 (1851) for the proposition that witness immunity is a long-established legal principle in Maine and that to hold otherwise would tend to intimidate a witness and to deter from a disclosure of the whole truth ); *Creamer v. Danks, 700 F. Supp. 1169, 1171-72 (D. Me. 1988); Tanguay v. Asen*, 722 A.2d 49, 50 (Me.1998); *Hamilton v. Greenleaf,* 677 A.2d 525, 527 (Me. 1996); *Dineen v. Daughan*, 381 A.2d 663, 664-65 (Me.1978).

## II. Plaintiffs Are Not Entitled To Conduct Discovery On Claims That They Have Not Properly Pled.

Plaintiffs appear to be asserting that they need not provide Defendants with notice of the nature of their additional defamation claims now because the basis of their claims is something they will provide for Defendants and the Court after they have conducted discovery. *See* Plaintiff's Opp'n Memorandum (Doc 5, p. 4). Plaintiffs may not proceed in this fashion. They must give Defendants enough detail about the nature of their claims to enable Defendants to respond to the same. *Bishop,* 495 F.Supp. 2d at 141; Fed. R. Civ. P. 12(e). They must have a

good faith basis for their claims before filing them and may not make up their claims as they go. In any event, even if Plaintiffs were allowed to conduct discovery surrounding the events leading up to the Kiely Affidavit, any statements made during that time period would be barred by the applicable statute of limitations. *See* 14 M.R.S.A. § 753 (actions for slander and libel shall be commenced within two years after the cause of action accrues).

WHEREFORE, Defendants Kiely and Envirem hereby pray that the Court order Plaintiffs to further amend their Complaint to address the defects discussed above and to provide the detailed information requested by Defendants.

Dated at Portland, Maine this 8th day of May, 2008.

/s/ U. Charles Remmel, II
U. Charles Remmel, II

/s/ Lauri Boxer-Macomber
Lauri Boxer-Macomber

KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Post Office Box 597
Portland, Maine 04112-0597
(207)-775-1020

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **BENJAMIN HAWKINS,** ) | |
| of Portland, Maine ) | |
| ) | |
| and ) | |
| ) | |
| **BRUCE CORT,** ) | |
| of Auburn, Maine ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Docket No. 08-CV-139** |
| ) | |
| **ROBERT KIELY,** ) | |
| of New Maryland, New Brunswick, ) | |
| Canada ) | |
| ) | |
| and ) | |
| ) | |
| **ENVIREM TECHNOLOGIES, INC.,** ) | |
| a Canadian corporation with its ) | |
| principal place of business in ) | |
| Fredericton, New Brunswick, Canada ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I electronically filed Defendants' Reply Memorandum in Support of Their Motion for More Definite Statement with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Date: May 8, 2008                    /s/ Lauri Boxer-Macomber, Esq.
                                     Lauri Boxer-Macomber
                                     KELLY, REMMEL & ZIMMERMAN
                                     53 Exchange Street, P.O. Box 597
                                     Portland, Maine 04112-0597
                                     (207) 775-1020