UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **BENJAMIN HAWKINS, et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | Civil No. 08-139-P-S |
| | ) | |
| **ROBERT KIELY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

*MEMORANDUM DECISION AND ORDER*
*ON MOTION FOR MORE DEFINITE STATEMENT*

Defendants Robert Kiely and Envirem Technologies, Inc. move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement of the claims of plaintiffs Benjamin Hawkins and Bruce Cort against them. *See* Defendants' Motion for a More Definite Statement ("Motion") (Docket No. 4) at 1. For the reasons that follow, I grant the Motion.

**I. Applicable Legal Standard**

Federal Rule of Civil Procedure 12(e) provides, in relevant part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are not favored in light of the availability of pretrial discovery procedures." *Haghkerdar v. Husson College*, 226 F.R.D. 12, 14 (D. Me. 2005) (citation and internal quotation marks omitted). Such motions "are designed to strike at unintelligibility, rather than at lack of detail in the complaint" and accordingly properly are granted "only when a party is unable to determine the issues he must meet." *Id.* (citations and internal quotation marks omitted).

1

The instant motion concerns the adequacy of pleading of a defamation claim. Defamation claims are not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); instead, they must be pled in accordance with "the more relaxed pleading requirements" of Federal Rule of Civil Procedure 8, "which requires only that the plaintiff's charges be set forth in a short and concise statement[.]" *Bishop v. Costa*, 495 F. Supp.2d 139, 140-41 (D. Me. 2007) (citation and internal quotation marks omitted). Nonetheless, "the pleadings in a defamation case need to be sufficiently detailed to the extent necessary to enable the plaintiff to respond." *Id*. at 141. A claim of defamation is made out by showing:

> (a) a false and defamatory statement concerning another;
>
> (b) an unprivileged publication to a third party;
>
> (c) fault amounting at least to negligence on the part of the publisher; and
>
> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Morgan v. Kooistra*, 2008 ME 26, ¶ 26, 941 A.2d 447, 455.

"[C]ountless district courts have found that the requirements of Rule 8 have not been met in cases where libel and slander claims failed to allege the substance of the statements and/or the time and place in which they were made." *PAI Corp. v. Integrated Sci. Solutions, Inc*., No. C-06-5349 JSW (JCS), 2007 WL 1229329, at *8 (N.D. Cal. Apr. 25, 2007); *see also, e.g., Hackman v. Dickerson Realtors, Inc*., 520 F. Supp.2d 954, 975 (N.D. Ill. 2007) ("Courts in this district have previously granted motions for more definite statement to require a claimant to more specifically plead facts surrounding [an allegedly defamatory] statement, including the content, context, speaker, recipient, and timing of the statement."); *Coffman v. United States*, No. CIV-07-349-F, 2007 WL 1598635, at *1 (W.D. Okla. June 4, 2007) (noting that while Rule 12(e) motions generally are disfavored, circumstances in which they may be granted include those in which allegations of a

complaint do not set forth "minimum requirements for a defamation claim, such as the identification and substance of the complained of statements, to whom the statements were made, and whether the statements were heard by third parties"); *Hides v. Certainteed Corp.*, CIV. A. No. 94-7352, 1995 WL 458786, at *3 (E.D. Pa. July 26, 1995) (granting Rule 12(e) request in case in which, while complaint identified substance of alleged defamatory statement, it did not identify who made it or who received it and hence was not specific enough to put defendant on notice and permit it to respond in good faith).

## II. Allegations of Complaint

The plaintiffs' first amended complaint alleges, in relevant part:

    3.    In and after January 2006 Defendant Kiely, acting within the course and scope of his employment with Envirem, published false, defamatory statements of and concerning the Plaintiffs. Without limitation, Kiely on behalf of Envirem stated that the Plaintiffs had fraudulently misrepresented to TD Banknorth the volume of inventory held by Morse Brothers, Inc., a business corporation partially owned and operated by Ben Hawkins, of which Bruce Cort was the comptroller.

    4.    The false, defamatory statements made by Kiely on behalf of Envirem, of and concerning the Plaintiffs, were and are defamatory *per se*.

    5.    Kiely on behalf of Envirem published the false, defamatory statements described above, of and concerning the Plaintiffs, with malice, actual or implied.

    6.    Alternatively, Kiely on behalf of Envirem published the false, defamatory statements negligently.

    7.    As a natural and foreseeable consequence of the Defendants' conduct, the false, defamatory statements have been re-published online, where they can be read by the public without limitation.

    8.    The false, defamatory statements made by Kiely on behalf of Envirem, of and concerning the Plaintiffs, have caused and continue to cause actual damage to the Plaintiffs' reputation, and have inflicted and continue to inflict pecuniary and other actual losses.

Plaintiff's First Amended Complaint ("Complaint"), contained within Exh. A to Notice of Removal (Docket No. 1).

### III.  Analysis

The defendants request more definite statements regarding:

1.     <u>The allegedly defamatory statements</u>.  They note that although the Complaint describes one statement, it alludes to others by repeatedly using the plural "statements" and using the phrase "without limitation" in paragraph 3.  *See* Motion at 3.

2.     <u>The time frame(s) within which the statements allegedly were made</u>.  They argue that the phrase "[i]n and after January 2006" is problematic because it prevents them from determining whether the entire action is subject to summary dismissal on the basis of the applicable two-year statute of limitations, 14 M.R.S.A. § 753, and otherwise is too vague to permit an adequate response. *See id*. at 3-4.

3.     <u>Alleged publication and republication online</u>.  They contend that the plaintiffs have failed to provide sufficient information for them to determine in which venues the statement(s) allegedly were published and whether "online" refers to a judicial CM/ECF filing statement.  *See id*. at 4.  As a result, they are unsure whether they can defend this case by claiming publication was privileged.  *See id*.

The plaintiffs counter that (i) they are aware that Kiely signed an affidavit dated January 20, 2006 containing what they consider defamatory statements, which found its way into a Bankruptcy Court record although not submitted with or in support of any motion filed by Envirem, (ii) in the absence of discovery, they do not know how the affidavit came to be filed or with whom else its contents may have been discussed, and (iii) in the absence of discovery, they cannot determine whether the statements were privileged, whether an exception to the immunity afforded witnesses in judicial proceedings applies or whether any privilege, if initially applicable, was lost through abuse. *See* Plaintiffs' Response to Defendants' Motion for More Definite Statement ("Response") (Docket

4

No. 5) at 3-5.  They assert that they are entitled to undertake discovery to flesh these points out, noting that the "federal rules call for relatively skeletal pleadings and place the burden of unearthing underlying factual details on the discovery process." *Id*. at 1 (quoting *Coffman*, 2007 WL 1598635, at *1) (citation and internal quotation marks omitted).

The defendants have the better of the argument.  While "federal courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings, with a resulting delay in joinder of issue and resolution of the merits[,] . . . [i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)."  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* ("Wright & Miller") § 1376, at 322, 325 (3d ed. 2004) (footnote omitted).

### A.  Defamation Basic Details Lacking

The Complaint is too vague to be intelligible in that it lacks nearly all basic details courts have considered essential to enable a defendant to respond to a defamation claim.  It identifies only one allegedly defamatory statement but suggests, by use of the word "statements" and the phrase "without limitation," that others were made.  It does not make clear when the one identified statement, let alone any of the unidentified additional statements, was made, to whom or by what means of publication.

### B. Threshold Defenses to Plaintiffs' Claims

What is more, as the defendants point out, such details as they have been able to glean from the Complaint and the Response provide reason to believe that there are substantial dispositive threshold questions in this case, such as whether the statute of limitations has been met and whether the allegedly defamatory statement(s) were privileged because made by a witness during the course of legal proceedings. *See* Defendants' Reply Memorandum in Support of Their Motion for a More Definite Statement (Docket No. 6) at 3-4; *see also, e.g., Rohrbach v. Charbonneau*, No. Civ. 99-282-P-C, 2000 WL 760739, at *2 (D. Me. Mar. 1, 2000) (witness immunity, though subject to limitations, is a long-established principle in Maine). This, too, counsels in favor of a grant of the Motion. *See* Wright & Miller § 1376, at 333 (exceptions to the "generally restrictive attitude toward Rule 12(e) motions" include circumstances in which there are possible threshold defenses to the claim for relief, including timeliness defenses, which have led courts to require plaintiff to give particulars about the date on which the claim arose).

For the foregoing reasons, the Motion is granted. In accordance with Rule 12(e), plaintiffs are directed to provide a more definite statement as to the matters identified in the Motion within ten (10) days of the date hereof, failing which the court may strike the Complaint. In accordance with Rule 12(a)(4)(B), the defendants shall serve their responsive pleading within ten (10) days after the plaintiffs' more definite statement is served.

*SO ORDERED.*

Dated this 19th day of May, 2008.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge